# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-20/21-KHV |
| ROBERT VASQUEZ and ) | |
| OMAR FLACO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion For Review Of Release (Doc. #64) filed May 2, 2012. On May 31, 2012, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendants should be detained pending trial.

## Procedural Background

A grand jury charged Robert Vasquez, Omar Flaco and some 45 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Sealed Indictment (Doc. #125), Count 1. The grand jury also charged Vasquez, Flaco and five other defendants with conspiracy to knowingly transport and attempt to transport funds from a place inside the United States to Mexico, with the intent to promote the carrying on of the charged drug conspiracy. See id., Count 2. Vasquez was also charged with transporting and attempting to transport approximately $549,749.00 from a place in the United States to Mexico with the intent to promote the carrying on of the charged drug conspiracy. See id., Count 69. Flaco was also charged with (1) knowingly and intentionally attempting to possess, possess with intent to distribute, and distribute five kilograms or more of

cocaine, (2) using a cellular telephone in facilitating the charged conspiracy in Count 1 and (3) transporting and attempting to transport some $273,580.00 from a place in the United States to Mexico with the intent to promote the carrying on of the charged drug conspiracy. See id., Counts 63, 66 and 67.

Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii), the conspiracy charge in Count 1 carries a statutory mandatory minimum term of imprisonment of ten years and a maximum term of life, with a presumption of detention. See 18 U.S.C. § 3142(e)(3)(A). United States Magistrate Judge Robert F. Castenada held a detention hearing and on May 2, 2012, he overruled the government's motion for detention as to Vasquez and Flaco. Judge Castenada ordered both defendants released pending disposition of this case. The government seeks review of the release order.

**Standard of Review**

The government may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present

information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291.

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Where there is probable cause to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Once the government invokes this presumption, defendant bears the burden

-3-

of producing some evidence to rebut the presumption. See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Even if defendant meets this burden, the Court is free to consider the presumption as a factor in determining whether to release or detain defendant. Id. at 1355; see United States v. Frater, 356 Fed. Appx. 133, 135 (10th Cir. 2009).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## **Analysis**

Here, the Court allowed the government to proceed by proffer. The government proffered the Pretrial Services Reports of Vasquez and Flaco. The government also proffered the testimony of its case agent.

Both defendants are charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Accordingly, a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Neither defendant presented evidence to rebut the presumption. See Stricklin, 932 F.2d at 1354-55 (defendant must produce some evidence to rebut presumption).

**I.    Robert Vasquez**

   **A.    Nature And Circumstances Of The Offense**

The offenses involve conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine and conspiracy to knowingly transport and attempt to transport funds from a place inside the United States to a place outside the United States, with the intent to promote the carrying on of the charged drug conspiracy. Vasquez is also specifically charged with transporting and attempting to transport approximately $549,749 from a place in the United States to Mexico with the intent to promote the carrying on of the charged drug conspiracy. The nature and circumstances of the offenses weigh in favor of detention.

   **B.    Weight Of The Evidence**

At the hearing on May 31, 2012, the government proffered evidence which supports a finding that defendant participated in the charged conspiracies. This evidence suggests that defendant was a highly respected and trusted courier of funds and that on one occasion, law enforcement stopped him on a return trip to Texas after a delivery of drugs and found some $549,749 in his possession. Vasquez gave a statement to law enforcement and acknowledged that he was involved in transporting money for the drug trafficking organization. The weight of the evidence strongly favors detention.

   **C.    History And Characteristics Of Defendant**

Defendant is 39 years old and has been married approximately 20 years. He has three children who are 18, 15 and 10 years old. Defendant, his wife and children have maintained a residence at a mobile home in El Paso, Texas for the past 12 years. Defendant's parents are both U.S. citizens. Defendant's wife maintains Legal Permanent Resident status in the United States

while all three of their children are U.S. citizens. Vasquez lived in Juarez, Chihuahua, Mexico from infancy until he was about 17 years old. Defendant has been employed as a truck driver for some five years. Defendant has no family ties outside of the United States. Defendant has a felony conviction from 2003 for aggravated assault with a deadly weapon. Defendant received a sentence of ten years in prison (suspended) and ten years of probation. Defendant received an early discharge from his probation because he did not have any violations and he complied with the terms of his probation.

Defendant's history and characteristics including his strong family ties to El Paso, Texas do not suggest that he is a flight risk. This factor favors release.

### D.     Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy and transporting some $549,749 as part of the conspiracy. The Court finds by clear and convincing evidence that defendant is a danger to the community.

### E.     Balance Of Factors

As noted, defendant's history and characteristics, particularly his strong family ties to El Paso, Texas, weigh in favor of release. Even so, the remaining factors favor detention because they indicate that defendant is a flight risk. On balance, based upon the evidence proffered at the hearing including the pretrial services report, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance.

## II. Omar Flaco

### A. Nature And Circumstances Of The Offense

The offenses involve conspiracy to possess with intent to distribute and to distribute cocaine base and cocaine and conspiracy to knowingly transport and attempt to transport funds from a place inside the United States to a place outside the United States, with the intent to promote the carrying on of the charged drug conspiracy. Flaco is also specifically charged with (1) knowingly and intentionally attempting to possess, possess with intent to distribute, and distribute five kilograms or more of cocaine, (2) using a cellular telephone in facilitating the charged conspiracy in Count 1 and (3) transporting and attempting to transport some $273,580 from a place in the United States to Mexico with the intent to promote the carrying on of a conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. The nature and circumstances of the offenses weigh in favor of detention.

### B. Weight Of The Evidence

At the hearing on May 31, 2012, the government proffered evidence which supports a finding that defendant participated in the charged conspiracies and individual substantive offenses. This evidence suggests that defendant was a highly respected and trusted courier of cocaine and money and was responsible for two shipments of cocaine, one to the Kansas City, Kansas area in the amount of 14 kilograms and one to the Wichita, Kansas area in the amount of 15 kilograms. After the delivery of the shipment to Wichita, defendant traveled back to El Paso, where DEA agents stopped his vehicle and found that he had some $273,580 in his possession. The weight of the evidence strongly favors detention.

### C. History And Characteristics Of Defendant

Defendant is 37 years old and is a U.S. citizen. Defendant has been married approximately 21 years. He has four children who are 21, 16, 10 and 4 years old. Defendant has maintained a residence in El Paso, TX for some 33 years. Defendant has been employed as a technician since 2007 and previously as a salesman for some 12 years. Defendant has no family ties outside of the United States, but his wife has family ties in Mexico. Except for a few minor traffic violations, defendant has no significant criminal history. Defendant's history and characteristics including his strong family ties to El Paso, Texas do not suggest that he is a flight risk.

### D. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy and transporting some $273,580 as part of the conspiracy. The Court finds by clear and convincing evidence that defendant is a danger to the community.

### E. Balance Of Factors

As noted, defendant's history and characteristics, particularly his strong family ties to El Paso, Texas, weigh in favor of release. Even so, the remaining factors favor detention because they indicate that defendant is a flight risk. On balance, based upon the evidence proffered at the hearing including the pretrial services report, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the government's Motion For Review Of Release (Doc. #64) filed May 2, 2012 be and hereby is **SUSTAINED**. Defendants Robert Vasquez and

Omar Flaco shall remain in custody pending resolution of this case.

Dated this 1st day of June, 2012 at Kansas City, Kansas.

s/ Beth Phillips  
Beth Phillips  
United States District Judge