# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-36-KHV |
| LUCINDA SCOTT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion For Review [Of Detention] (Doc. #329) filed July 12, 2012. On July 24, 2012, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

A grand jury charged Lucinda Scott and some 49 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. See Superseding Indictment (Doc. #245), Count 1. The grand jury also charged Scott with distribution of cocaine, distribution and possession with intent to distribute 500 grams or more of cocaine, possession of cocaine base with intent to distribute, maintaining a residence for the purpose of manufacturing, storing and distributing cocaine base, possession of some 11 firearms in furtherance of drug trafficking crimes and being a felon in possession of a firearm. See id., Counts 44, 49, 54-57.

Under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and (b)(1)(A)(iii), the conspiracy charge in Count 1 carries a statutory mandatory minimum term of imprisonment of ten years and a maximum

term of life, with a presumption of detention.  See 18 U.S.C. § 3142(e)(3)(A).  United States Magistrate Judge Gerald L. Rushfelt held a detention hearing and on June 4, 2012, he sustained the government's motion for detention.  On June 28, 2012, United States Magistrate Judge James P. O'Hara overruled defendant's motion for reconsideration of the detention order.  Defendant seeks review of the detention order.

## **Standard of Review**

A defendant may seek review of a magistrate judge's order of detention under 18 U.S.C. § 3145(a)(1).  The district court reviews *de novo* a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001).  The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings.  See Lutz, 207 F. Supp.2d at 1251.  A *de novo* evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See Torres, 929 F.2d at 291.  The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there.  Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Where there is probable cause to believe defendant has committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Once the government invokes this presumption, defendant bears the burden of producing some evidence to rebut the presumption. See United States v. Stricklin, 932 F.2d 1353,

1354-55 (10th Cir. 1991). Even if defendant meets this burden, the Court is free to consider the presumption as a factor in determining whether to release or detain defendant. Id. at 1355; see United States v. Frater, 356 Fed. Appx. 133, 135 (10th Cir. 2009).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

**Analysis**

Here, the Court admitted two exhibits related to a controlled purchase of crack cocaine from defendant including a summary and audio/video recording of the transaction. The government also proffered evidence including the evidence presented at two prior detention hearings. The Court has also considered the Pretrial Services Report.

Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Accordingly, a presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Defendant has not presented evidence to rebut the presumption. See Stricklin, 932 F.2d at 1354-55 (defendant must produce some evidence to rebut presumption).

## I. Nature And Circumstances Of The Offense

The offenses involve conspiracy to manufacture, to possess with intent to distribute and to distribute cocaine base and cocaine, distribution of cocaine, distribution and possession with intent to distribute cocaine, possession with intent to distribute cocaine base, maintaining a residence for the purpose of manufacturing, storing and distributing cocaine base, possession of some 11 firearms in furtherance of drug trafficking crimes and being a felon in possession of a firearm. The nature and circumstances of the offenses weigh in favor of detention.

## II. Weight Of The Evidence

The summary of the controlled purchase from defendant indicates that she was involved directly in the distribution of crack cocaine. During the controlled purchase, defendant retrieved cocaine, weighed the cocaine, discussed with the confidential informant (1) payments from other customers in counterfeit funds, (2) weapons, (3) how to conceal cocaine and (4) prior sales of cocaine to other customers. Defendant has offered no evidence to rebut the implication that she was intimately involved in the drug conspiracy. The weight of the evidence strongly favors detention.

## III. History And Characteristics Of Defendant

Defendant is 66 years old. She is a U.S. citizen and has lived in the Kansas City, Kansas area for 36 years. Defendant has been receiving disability income for many years. Defendant recently had surgery for breast cancer. She also has high blood pressure, diabetes and kidney disease. Defendant must undergo dialysis three times each week. She also must take a strict regimen of medications. Defendant has a felony conviction from 2004 for possession of a controlled substance. Defendant received probation and she successfully completed her probation without violations.

Defendant's history and characteristics including her strong family ties to Kansas City,

-5-

Kansas do not suggest that she is a flight risk. This factor favors release.[1]

**IV.   Danger To The Community**

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Here, defendant is charged with being a member of a large drug conspiracy and several related offenses including possession of some 11 firearms in furtherance of drug trafficking crimes. The Court finds by clear and convincing evidence that defendant is a danger to the community.

**V.   Balance Of Factors**

As noted, defendant's history and characteristics, particularly her strong ties to Kansas City, Kansas, weigh in favor of release. Even so, the remaining factors favor detention because they indicate that defendant is a flight risk. On balance, based upon the evidence proffered at the hearing including the pretrial services report and the controlled purchase from defendant, the Court concludes that defendant poses a danger to the community and that no set of conditions of release will reasonably assure her appearance.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Review [Of Detention] (Doc. #329) filed July 12, 2012 be and hereby is **OVERRULED**. Defendant Lucinda Scott shall remain in custody pending resolution of this case.

---

[1] In considering defendant's history and characteristics, the Court has weighed defendant's medical needs as a factor which favors release. The Court, however, rejects any suggestion that defendant should be released solely because of her medical needs. Defendant has not shown that with her cooperation, her medical needs cannot be met at the present detention facility.

Dated this 30th day of July, 2012 at Kansas City, Kansas.

                                                <u>s/ Beth Phillips</u>
                                                Beth Phillips
                                                United States District Judge